IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THOMAS HORN                                                                                          PLAINTIFF

V.                                                                                        NO. 4:11CV110-P-A

EMMITT SPARKMAN, et al.,                                                                        DEFENDANTS

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The plaintiff complains that the defendants have refused to install walls or partitions in the shower and toilet areas thereby violating his right to privacy. As redress for this perceived transgression, the plaintiff is seeking compensatory damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The right to privacy is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security. *Hudson v Palmer*, 468 U.S. 517, 527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). A prisoner does, however, possess a right to bodily privacy. *See Oliver v. Scott*, 276 F.3d 736, 745-46 (5th Cir. 2002). The right to privacy is minimal and the state's intrusion on the inmate's right must be balanced against the state's interest. *Turner v. Safley*, 482 U.S. 79, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). Generally the minimal invasion of privacy is justified by the state's interest in promoting security. *Oliver*, 276 F.3d at 743.

Great deference is given to prison officials' judgments regarding security. Therefore, the challenged regulation need only be "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. The test requires that (1) the regulation must have a valid, rational connection to the governmental interest; (2) the court should consider if the inmate has alternative methods for

exercising his right; (3) the court should also consider the impact that the accommodation would have on other inmates or prison staff; and (4) the existence of easy alternatives may demonstrate the regulation or policy is an exaggerated response. *Id.* at 89-90.

In *Oliver*, the plaintiff, a male inmate, complained that female guards were permitted to conduct strip searches and observe male inmates showering and using the bathroom. *Oliver*, 276 F.3d at 740. He argued that the female inmates had shower and toilet partitions to shield them from view. *Id.* On appeal, the Court found that security was a legitimate concern among male inmates and that constant monitoring of all areas was necessary to maintain security of the inmates and the staff. *Id.* at 746. Applying the four *Turner* factors, the Court held that the policy (not having partitions) allowed the largest number of personnel to monitor all areas and prevent violence. *Id.* The facility also allowed the inmates to shield themselves with towels. *Id*. The Court noted that forcing only male guards to monitor male inmates would have an undesirable ripple effect forcing the resignation of a high percentage of its staff. *Id.* Lastly, the plaintiff failed to identify any alternative that would be practical and feasible. *Id.* The Court concluded by upholding the dismissal of Oliver's right to privacy claim. *Id.*

The facts of *Oliver* are indistinguishable. The absence of partitions in the bathrooms is rationally related to the overall security of the facility. Other less expensive and more practical alternatives would be to use towels as some minimal amount of shielding. Requiring the defendants to use partitions in the shower and toilet areas would severely diminish the deference afforded to prison officials who are in a far better position to make these types of security decisions. The court finds that the policy regarding partitions at the Mississippi State Penitentiary is not unconstitutional. S*ee Sinclair v. Stalder*, 2003 WL 22436063 at *1, 78 Fed. Appx. 987, 989 (5th Cir. Oct. 28, 2003) (use of female officers to supervise male inmates does not violate the First Amendment right to privacy).

Additionally, the plaintiff has not alleged the requisite physical injury that must accompany any § 1983 claim for damages. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Therefore

Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted. A final judgment in accordance with this opinion will be entered.

THIS the 14th day of October, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE